UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| ALPER AUTOMOTIVE, INC., a Florida corporation, d/b/a AA IGNITION<br><br>Plaintiff-Counter Defendant-Appellee,<br><br>v.<br><br>DAY TO DAY IMPORTS, INC., a California corporation,<br><br>Defendant-Counter Plaintiff-Appellant. | Appeal No.: 21-14236 |

**PLAINTIFF ALPER AUTOMOTIVE, INC.'S VERIFIED MOTION FOR ATTORNEYS' FEES AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff Alper Automotive, Inc. ("Plaintiff"), pursuant to 17 U.S.C. § 512(f) and Eleventh Circuit Rule 39-2, moves for its attorneys' fees against the Defendant Day to Day Imports, Inc. ("DDI" or "Defendant"), in the amount of $38,467.00.

## I. Background

Plaintiff sued Defendant under the Digital Millennium Copyright Act ("DMCA"). (DE 1.) Plaintiff alleged that Defendant knowingly misrepresented to Amazon that Plaintiff was infringing on Defendant's copyright in violation of 17 U.S.C. § 512(f). (*Id.* at 2). The District Court conducted a bench trial and ultimately found that Defendant had violated § 512(f) with their November 19, 2018, DMCA

1

Takedown Notice. (*Id.* at 40). Defendant timely appealed. (DE 188). This Court affirmed the District Court's comprehensive order in favor of Plaintiff in an Order dated August 17, 2022 (the "Order"). (Order at, 12). Accordingly, Plaintiff now moves for its appellate attorneys' fees against the Defendant pursuant to 17 U.S.C. § 512(f) and Eleventh Circuit Rule 39-2. Plaintiff is entitled to reasonable attorneys' fees under these provisions for the reasons stated below.

## II.  Entitlement

### A. Applicability of the DMCA § 512(f) Fees Provision

Plaintiff is statutorily entitled to all of its fees. Title 17, United States Code, Section 512(f) states "[a]ny person who knowingly materially misrepresents under this section that material or activity is infringing… *shall* be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer." (emphasis added). This Court affirmed the District Court's holding that Defendant violated §512(f). (Order, at 12). Consequently, Defendant *shall* be liable for any damages including costs and attorneys' fees incurred by Plaintiff. Moreover, in the District Court, Defendant did not contest Plaintiff's entitlement to fees under section 512(f). (*See* DE 226, at 2) ("Day to Day does not contest that Alper is entitled to fees under 17 U.S.C. § 512(f)"). Accordingly, this Court should find that Plaintiff is entitled to the mandatory reasonable attorneys' fees and costs under section 512(f).

## III.  Reasonableness of Attorneys' Fees

The starting point in determining reasonable attorneys' fees is the lodestar method, which is "properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."[1] *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). In computing the lodestar, the first step is to determine the reasonable hourly rate. Once the hourly rate is set, the Court must next determine the reasonable number of hours expended in the litigation. The burden of establishing that the time for which compensation is sought was reasonably expended on litigation is on the fee applicant. *See ACLU of Ga. V. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). The fee applicant must provide the Court with detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. *Id.*

Plaintiff respectfully attaches in support of this Motion the Affidavit of Taryn Boyer, Esq. (the "Boyer Affidavit") (attached as Exhibit A). In the Affidavit, the associate who performed a significant portion of the work attests to the reasonableness of the number of hours worked on this appeal. The Affidavit further notes that Plaintiff was charged in this case on a contingent basis. (Ex. A, Boyer

---

[1] That a case is taken on a contingency basis does not mean that any elevated scrutiny of the moving party's records should apply so long as an amount greater than the lodestar amount is not requested. *Cf. Pennsylvania v. Delaware Valley Citizens' Council for Clear Air*, 483 U.S. 711, 722 (1987); *see also Montgomery v. Noga*, 168 F.3d 1282, 1304 (11th Cir. 1999); *JCW Investments, Inc. v. Novelty, Inc.*, 366 F. Supp. 2d 688, 690 (N.D. Ill. 2005).

Decl. ¶ 4). *See Stanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D. Cal. 1974), *rev'd on other grounds*, 436 U.S. 547 (1978) ("[A]ttorneys deserve higher compensation for contingent than for fixed-fee work."). As set forth herein and in its supporting documentation attached hereto, Plaintiff has established its entitlement to an award of its reasonable attorneys' fees in the amount of $38,467.00 based on the reasonable hours at an appropriate hourly rate expended in its successful defense against Defendant's appeal.

### A. Reasonable Hourly Rates

The Court must first determine the reasonable hourly rate. A reasonable hourly rate is one which is "in line with the prevailing market rate in the relevant legal community for similar services performed by lawyers of reasonably comparable skills, experience[,] and reputation." *Crescenzo v. Healthcare Revenue Recovery Grp., LLC*, 842 F. Supp. 2d 1340, 1342 (S.D. Fla. 2012) (internal citation omitted). Generally, the "prevailing market rate" is determined by the location where the case is filed and the subject matter of the litigation. *See Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1302 (S.D. Fla. 2015). In determining a reasonable hourly rate, the Court may also consider any of the twelve factors[2] enumerated in *Johnson v. Ga.*

---

[2] These factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

4

*Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974).[3] Evidence can consist of direct evidence of charges by lawyers under similar circumstances or opinion evidence. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Moreover, the Court itself is an expert and should consider its own knowledge and experience in determining whether the requested hourly rate is reasonable. *See Crescenzo*, 842 F. Supp. 2d at 1342-43.

The District Court opined that Alper's requested rates were reasonable in its review of attorney fees in the lower court. (DE 226 at, 7-8). Further, courts in southern Florida have opined that $300.00 to $480.00 per hour is a reasonable rate for attorneys with comparable experience in similar cases. *See, e.g., Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, 2013 WL 539259, at *3 (S.D. Fla. Feb. 13, 2013) ("[T]he Court awarded an hourly rate of $375/hour to an attorney with twenty-seven years' experience and awarded an hourly rate of $325 to an attorney with ten years' experience.") *Golf Clubs Away, LLC v. Hostway Corp.*, 2012 WL 2912709, at *3 (S.D. Fla. July 16, 2012) ("[A]verage partner rate in Southern Florida in 2011 was $482 per hour and the average associate rate was $303 per hour.");

---

the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. Further, *Johnson* was abrogated by *Blanchard v. Bergeron*, 489 U.S. 87 (1989) on the grounds that a fee claimant can be awarded a fee greater than he is contractually bound to pay.

5

*Crescenzo*, 842 F. Supp. 2d at 1343 (reducing requested rate of $350.00 to $300.00); *Larsen v. Commonwealth Fin. Sys., Inc.*, 2016 WL 245325, at *2 (S.D. Fla. Jan. 21, 2016) ($300.00 rate reasonable). According to the Report of the Economic Survey prepared by the American Intellectual Property Law Association ("AIPLA"), the average billing rate for IP work based on firms with one attorney is $400 per hour and the average billing rate for firms with more than 100 attorneys is $529 per hour. (*See* Ex. A-3).

The hourly rates of the attorneys who charged time on this case are as follows:

| Attorney | Hourly Rate |
| --- | --- |
| Cole Carlson | $340.00 per hour |
| Debra Larsen | $440.00 per hour |
| Taryn Boyer | $235.00 per hour |
| Sheila Fenimore | $110.00 per hour |

GrayRobinson's billable hour rates are comparable to the rates charged by other law firms in the Southern District of Florida, of similar caliber and with comparable litigation experience in the IP legal field. Therefore, the Court should find that GrayRobinson's rates are reasonable.

### B. Reasonable Number of Hours

The second step in determining the lodestar is to assess the reasonableness of the number of hours expended in the litigation. *Norman*, 836 F.2d at 1302. Inquiry into the reasonable number of hours focuses on the exercise of "billing judgment." *Id.* at 1301-02. Billing judgment requires exclusion of hours that are deemed

excessive, redundant, or otherwise unnecessary." *Korman*, 2019 WL 2142521, at *4. Plaintiff has attached the itemized description of the hours worked as Exhibit A-1 to the Boyer Affidavit. Plaintiff submits that the hours each timekeeper expended on the successful defense of the DMCA claims on appeal were reasonable and necessary. (*See* Ex. A, Boyer Aff. ¶ 17). Accordingly, the Court should find that the number of hours expended by Plaintiff's attorneys are reasonable.

### C. Lodestar Calculation of Attorneys' Fees

Multiplying the hours reasonably billed by the reasonable hourly rate for each attorney, the lodestar total is $38,467.00. There is a "strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Korman*, 2019 WL 2142521, at *6. Plaintiff submits that this sum is an appropriate award based on Plaintiff's attorneys' efforts and the result obtained.

### B. <u>Conclusion</u>

Plaintiff respectfully requests the Court grant its Motion for Appellate Attorneys' Fees and award Plaintiff $38,467.00 in reasonable attorneys' fees.

### CERTIFICATE OF INTERESTED PARTIES

Plaintiff-Counter Defendant-Appellee, Alper Automotive, Inc. ("Alper"), discloses the following pursuant to the Court's correspondence dated August 30, 2022 and hereby files its Certificate of Interested Parties.

1. The name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action - including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case:

a. Alper Automotive, Inc. d/b/a AA Ignition, a Florida Corporation, Plaintiff-Counter Defendant-Appellee;

b. Gregg Alper, President of Plaintiff-Counter Defendant-Appellee;

c. GrayRobinson, P.A., Counsel for Plaintiff;

d. Debra Deardourff Larsen, Esq., Counsel for Plaintiff;

e. Day to Day Imports, Inc., a California Corporation, Defendant-Counter Plaintiff-Appellant;

f. Yosef Nourollah, Chief Executive Officer of Defendant-Counter Plaintiff-Appellant;

g. Yehuda Nourollah, Corporate Secretary of Defendant-Counter Plaintiff-Appellant;

h. Aldva Nourollah, Chief Financial Officer of Defendant-Counter Plaintiff-Appellant;

1. Adam Moloudi, Agent for Defendant-Counter Plaintiff-Appellant;

j. Roberto M. Suarez, Esq., Counsel for Defendant-Counter Plaintiff-Appellant;

k. William Rafael Trueba, Jr., Esq., Counsel for Defendant-Counter Plaintiff-Appellant;

l. Trueba & Suarez, PLLC, Counsel for Defendant-Counter Plaintiff-Appellant;

m. Adriana Kostencki, Esq., Counsel for Defendant-Counter Plaintiff-Appellant;

n. Aryeh Kaufman, Esq., Counsel for Defendant-Counter Plaintiff-Appellant;

o. Law Office of Aryeh Kaufman, Counsel for Defendant-Counter Plaintiff-Appellant;

o. Aryeh Kaufman, Esq., Counsel for Defendant-Counter Plaintiff-Appellant.

2. The name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

None.

3. The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

None.

4. The name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to resolution: Alper Automotive, Inc.

I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.

                                              Respectfully submitted,

Date: May 23, 2023                   /s/*Debra Deardourff Larsen*
                                        Debra Deardourff Larsen
                                          GrayRobinson, P.A.
                                          Florida Bar No. 634425
                                          401 East Jackson Street, Suite 2700
                                          Tampa, Florida 33602
                                          Telephone: (813) 273-5000
                                          Facsimile: (813) 273-5145
                                          Email: debra.larsen@gray-robinson.com
                                          *Counsel for Plaintiff Counter-Defendant-Appellee*

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of May, 2023 a true and accurate copy of the foregoing has been furnished by the Court's CM/ECF System to all parties listed on the Service List.

                              /s/*Debra Deardourff Larsen*
                              Debra Deardourff Larsen
                              Florida Bar No. 634425
                              Debra.larsen@gray-robinson.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this document complies with the typ-volume limitation.

This document contains 1984 words.

Date: May 23, 2023                    /s/*Debra Deardourff Larsen*
                                              Debra Deardourff Larsen
                                              Florida Bar No.: 634425
                                              GrayRobinson, P.A.
                                              401 East Jackson Street, Suite 2700
                                              Tampa, Florida 33602
                                              Telephone: (813) 273-5000
                                              Facsimile: (813) 273-5145
                                              Email: debra.larsen@gray-robinson.com

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, undersigned counsel declares under penalty of perjury that, having personal knowledge of the facts set forth above, the fees itemized in the affidavit attached to this Motion were actually incurred in defense of this case and were reasonable and necessary to provide a legal defense on behalf of Plaintiff Alper Automotive, Inc.

Executed on the 23rd day of May, 2023.

/s/*Debra Dearourff Larsen*
Debra Deardourff Larsen
Attorney for Plaintiff

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2023, a true and correct copy of the foregoing has been furnished via email to all counsel of record.

/s/*Debra Deardourff Larsen*
ATTORNEY

/5400147/3#48576463 v2